IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv243

| | |
|---|---|
| DANIEL JABLONSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER OF REMAND |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's Assented-To Motion for Entry of Judgment under Sentence Four of 42 U.S.C. Section 405(g) with Reversal and Remand of the Cause to the Defendant. [Doc. 9]. The Plaintiff consents to the motion.

Sentence Four of 42 U.S.C. §405(g) provides, in pertinent part, that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The parties here have moved for reversal of the decision of the Defendant and for remand for further administrative proceedings. Specifically,

the parties seek remand for a new hearing.

Upon remand to the Commissioner, the Appeals Council shall remand this case to the administrative law judge (ALJ). The Appeals Council will instruct the ALJ to: (1) conduct a new hearing and issue a new decision based on the total record; (2) re-evaluate the severity of the Plaintiff's reflex sympathetic dystrophy and the extent of any resulting physical functional limitations, in accordance with Social Security Ruling 03-2p; (3) re-evaluate the Plaintiff's mental impairments in accordance with the "special technique" set forth in 20 C.F.R. §§404.1520a & 416.920a; (4) evaluate the Plaintiff's use of a cane and/or crutches and the extent of any resulting physical functional limitations; (5) re-assess the Plaintiff's maximum residual functional capacity; and (6) as necessary, obtain medical expert testimony and supplemental vocational expert testimony to clarify the impact of the Plaintiff's revised residual functional capacity on her ability to perform work at the relevant exertional level. The Court finds remand is appropriate. <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

**IT IS, THEREFORE, ORDERED** that the Defendant's Assented-To Motion for Entry of Judgment under Sentence Four of 42 U.S.C. Section 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. 9] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is hereby **REVERSED** and the case is hereby **REMANDED**.

**IT IS FURTHER ORDERED** that upon remand, the Commissioner shall comply with the directives contained within this Order.

The Clerk of Court shall enter separate Judgment of Remand simultaneously herewith. The Clerk of Court is notified that this is a final judgment closing the case.

Signed: April 3, 2012

Martin Reidinger
United States District Judge